Filed 9/29/23  P. v. Brito CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JASON ARTURO BRITO,<br><br>    Defendant and Appellant. | D081142<br><br><br>(Super. Ct. Nos. SCD284133 &<br>SCN434047) |

APPEAL from an order of the Superior Court of San Diego County, Saba Sheibani, Judge.  Affirmed with instructions.

Cindi B. Mishkin, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Assistant Attorney General, Robin Urbanski and Minh U. Le, Deputy Attorneys General, for Plaintiff and Respondent.

# INTRODUCTION

Jason Arturo Brito pleaded guilty to one count of willful infliction of corporal injury upon his fiancée resulting in a traumatic condition. On January 16, 2020, the trial court placed him on formal probation for three years and imposed a 10-year criminal protective order (CPO) under Penal Code section 273.5, subdivision (j), which restrained Brito from contacting or harassing his fiancée (hereafter, the 2020 CPO).[1] Subsequently, Brito violated the conditions of his probation and pleaded guilty to a hit-and-run in an incident unrelated to his corporal injury case. On September 26, 2022, the court revoked probation, sentenced Brito to prison for both crimes, and imposed a "new" CPO (hereafter, the 2022 CPO) that was identical to the 2020 CPO with one exception—the court marked a checkbox on the CPO form indicating it was imposing the 2022 CPO under section 1203.097. That statute requires a court to impose a CPO when it places a defendant on probation for a domestic violence offense.

Brito appeals the 2022 CPO and claims it is statutorily unauthorized because the trial court sentenced him to prison—rather than placing him on probation—when it issued the 2022 CPO. The People contend the 2022 CPO was not a "new" CPO at all. According to the People, the trial court merely reissued the existing 2020 CPO and marked the wrong checkbox specifying the statutory basis for the reissued CPO. We agree with the People. Therefore, we affirm the CPO and instruct the trial court to correct the clerical error by marking the checkbox on the CPO form identifying the accurate statutory basis for the CPO.

---

[1] Further undesignated statutory references are to the Penal Code.

II

BACKGROUND

On November 18, 2019, the San Diego District Attorney filed a felony complaint in case SCD284133 charging Brito with two counts of willful infliction of corporal injury upon his fiancée, A.B., resulting in a traumatic condition. (§ 273.5; counts 1–2). According to the probation report, count 1 arose from an encounter that began as a verbal fight between Brito and A.B. about Brito's drinking habits. After the fight, Brito consumed alcohol, came into A.B.'s room, and punched her in the face and body about 15 times. The probation report states that count 2 arose from an altercation in which Brito struck A.B. with a pillow causing her to sustain a black eye.

On December 4, 2019, Brito pleaded guilty to count 1 in exchange for dismissal of count 2 and a stipulated disposition of 365 days in jail and release into a residential treatment facility. On his plea form, Brito signed his initials next to a factual basis that read, "I willfully + unlawfully inflicted a corporal injury resulting in a traumatic condition upon my fiancée."

On January 16, 2020, the trial court held a hearing during which it suspended imposition of sentence and placed Brito on formal probation for three years with a 365-day custodial commitment. The court also terminated an existing 3-year CPO issued under section 136.2 (hereafter, the 2019 CPO) and replaced it with the 10-year 2020 CPO issued under section 273.5, subdivision (j).[2] The 2020 CPO prohibited Brito from contacting A.B., coming within 100 yards of her, or coming near her home, place of employment, school, and vehicle, and it had an expiration date of January 16, 2030. During the hearing on January 16, 2020, the court and the parties discussed

2   We grant the People's unopposed request for judicial notice of the trial court orders terminating the 2019 CPO and imposing the 2020 CPO. (Evid. Code, §§ 452, subd. (d), 459.)

3

A.B.'s safety and the CPO. The People read a victim impact statement from A.B. describing the negative impact Brito's conduct had on her emotional state and sense of security. The defense conceded the "need to make sure [Brito was] not contacting the victim in [the] case." And the court advised Brito of the terms of the CPO, including the restrictions it imposed and the duration of the CPO.

On August 25, 2021, the San Diego County Probation Department filed a report stating Brito had violated several conditions of probation by: (1) failing to enroll in rehabilitative and parenting courses, (2) not reporting to his probation officer when requested, and (3) changing his address without notifying his probation officer. The report recommended that the court revoke probation. On or about August 30, 2021, the court summarily revoked probation and issued a bench warrant.

On May 19, 2022, the San Diego District Attorney filed a felony complaint in case SCN434047 charging Brito with one count of perpetrating a hit-and-run (Veh. Code, § 20001, subd. (a); count 1). According to the San Diego County Probation Department, Brito drove his vehicle at speed of 70 miles per hour through a red light at a traffic intersection, collided with another vehicle, and fled the crime scene. At some point after the filing of the felony complaint, the court consolidated Brito's corporal injury and hit-and-run cases.

On August 29, 2022, Brito pleaded guilty to the hit-and-run charge in exchange for a stipulated prison term of 16 months to run concurrently with a two year prison term in his corporal injury case. On the plea form, Brito admitted he was "involved in a motor vehicle accident while driving a motor vehicle which resulted in injury to another, failed to stop to provide identifying information and or render aid." At the court hearing for his

4

change of plea, Brito admitted he violated the conditions of his probation in the corporal injury case and waived his right to a formal violation hearing. The court formally revoked probation in the corporal injury case.

On September 26, 2022, the court imposed a two year prison sentence for the corporal injury conviction and a concurrent 16 month prison sentence for the hit-and-run conviction. It also issued the 2022 CPO, which was identical to the 2020 CPO in all key respects, except for one difference. As noted, the court had marked a checkbox on the CPO form indicating it was issuing the 2020 CPO under section 273.5, subdivision (j). By contrast, it marked a checkbox on the CPO form indicating it was issuing the 2022 CPO under section 1203.097. Brito appeals the 2022 CPO.

III

DISCUSSION

When the trial court placed Brito on formal probation, it issued the 2020 CPO pursuant to section 273.5, subdivision (j), which states, "Upon conviction [for willful infliction of corporal injury], the sentencing court shall ... consider issuing an order restraining the defendant from any contact with the victim, which may be valid for up to 10 years, as determined by the court. It is the intent of the Legislature that the length of any restraining order be based upon the seriousness of the facts before the court, the probability of future violations, and the safety of the victim and their immediate family. This protective order may be issued by the court whether the defendant is sentenced to state prison or county jail, or if imposition of sentence is suspended and the defendant is placed on probation."

When the court issued the 2022 CPO, it marked a box on the CPO form indicating it was issuing the 2022 CPO under section 1203.097. "[S]ection 1203.097 lays out a number of terms and conditions that the court must

5

include when it '*imposes probation* for a defendant convicted of a domestic violence offense.' " (*People v. Nakano* (2023) 89 Cal.App.5th 623, 631, italics added.)  Of relevance here, it provides, "If a person is granted probation for a crime in which the victim is a person defined in Section 6211 of the Family Code, the terms of probation shall include ... [¶] ... A criminal court protective order protecting the victim from further acts of violence, threats, stalking, sexual abuse, and harassment, and, if appropriate, containing residence exclusion or stay-away conditions." (§ 1203.097, subd. (a)(2).)

According to Brito, the 2022 CPO was statutorily unauthorized because the trial court sentenced him to prison for a domestic violence offense when it issued the 2022 CPO; it did not place him on probation for a domestic violence offense.  The People dispute that the 2022 CPO is a "new" CPO. They claim the 2022 CPO is merely a reissuance of the existing 2020 CPO, and the court mistakenly marked the checkbox on the CPO form indicating that the statutory basis for the CPO was section 1203.097.

A facial comparison of the 2020 CPO and the 2022 CPO shows that the CPOs are in fact the same order, notwithstanding the apparent clerical error on the 2022 CPO.  Both CPOs prohibit Brito from engaging in the exact same conduct—contacting A.B., coming within 100 yards of her, or coming near her home, place of employment, school, or vehicle.  Both CPOs also expire on the exact same date, January 16, 2030—precisely 10 years from the date the court issued the 2020 CPO.  The only material difference between the 2020 CPO and the 2022 CPO is that the court—apparently through inadvertence— marked boxes on the CPO forms identifying different statutory bases for the CPOs.

The circumstances surrounding the issuance of the 2022 CPO also make clear that the court was simply reissuing the 2020 CPO when it issued

6

the 2022 CPO, not imposing a new protective order under an entirely different (and legally inapplicable) statutory provision. As previously noted, the court issued a separate order terminating the 2019 CPO when it originally issued the 2020 CPO. But it did not issue a separate order terminating the 2020 CPO when it imposed the 2022 CPO. Given the court's past use of a termination notice with respect to the 2019 CPO, one would expect the court to issue a termination notice if it had intended to terminate the 2020 CPO and impose a new CPO. Further, neither the court nor the parties mentioned the issuance of a new CPO during the sentencing hearing on September 26, 2022—a marked departure from the hearing on January 16, 2020, where the parties discussed A.B.'s safety concerns and the court expressly admonished Brito about the specific terms of the 2020 CPO.

For these reasons, we are convinced the trial court reissued the 2020 CPO at the hearing on September 26, 2022, rather than issuing a new CPO. The reissued CPO contained a clerical error insofar as the court marked the incorrect checkbox on the CPO form identifying section 1203.097 as the statutory basis for the CPO. "Courts may correct clerical errors at any time ...." (*People v. Mitchell* (2001) 26 Cal.4th 181, 185.) Accordingly, we affirm the CPO, but instruct the court to modify the order by marking the checkbox on the CPO form to specify the correct statutory basis for the CPO.

IV

DISPOSITION

The criminal protective order dated September 26, 2022, is affirmed. The trial court is instructed to correct the clerical error on the order by marking the checkbox on the order form identifying the accurate statutory basis for the order.

7

McCONNELL, P. J.

WE CONCUR:

DATO, J.

RUBIN, J.